IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JOHN BEASLEY,

    Petitioner,                   No. CIV S-08-0086 JAM JFM P

    vs.

ROBERT A. HOREL, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1994, petitioner pled guilty to first degree murder with use of a firearm and was sentenced to twenty-nine years to life in prison and ordered to pay $10,000 in restitution. Petitioner claims that the restitution order violated his plea agreement and that he received ineffective assistance of counsel in connection with that order. Respondents have moved to dismiss this action as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

        Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion

1

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On April 25, 1994, petitioner was convicted pursuant to a guilty plea on charges of murder with use of a firearm in violation of California Penal Code § 187.  On June 16, 1994, petitioner was sentenced to twenty-nine years to life in prison and a restitution fine of $10,000.00 was imposed.  Petitioner did not appeal his conviction or sentence.

/////
/////
/////
/////
/////
/////
/////

2. On January 12, 2007, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.[1]  See Lodged Document No. 2.[2]  That petition was denied by order filed March 22, 2007.  See Lodged Document No. 3.

3. On May 1, 2007,[3] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  See Lodged Document No. 4.  That petition was denied by order filed May 17, 2007.  See Lodged Document No. 5.

4. On June 12, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[4]  See Lodged Document No. 6.  On November 28, 2007, that petition was denied.  See Lodged Document No. 7.

5. On January 9, 2008, petitioner filed the instant federal habeas corpus petition.[5]

The statute of limitations for federal habeas corpus petitions became effective on April 24, 1996.  Petitioner's conviction became final prior to enactment of the statute of limitations.  If the provisions of 28 U.S.C. § 2244(d)(1)(A) apply to the instant action, petitioner had a one-year "grace period," until April 24, 1997, in which to filed his federal habeas corpus petition.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner did not file the instant action until January 9, 2008, more than ten years after the limitation period expired.

/////

---

[1] January 12, 2007 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing.  See Lodged Document No. 2.  Under the mailbox rule, that date is considered the filing date of the petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[2] All documents identified as Lodged Documents were filed by respondents in this action on March 11, 2008.

[3] May 1, 2007 is deemed the filing date of this petition pursuant to the mailbox rule.  See footnote 1, supra.

[4] June 12, 2007 is deemed the filing date for said petition.  See footnote 1, supra.

[5] January 9, 2008 is deemed the filing date of petitioner's federal habeas corpus petition. See Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001).

1     In opposition to the motion, petitioner contends that his plea agreement provided
2  that the restitution would be paid by "jail time in prison" and he did not know that money was
3  being collected from his inmate trust account to pay the restitution until late 2006.  Petitioner's
4  Opposition to Respondent's Motion to Dismiss Habeas Corpus, filed March 31, 2008, at 2-3.[6]
5  Arguably, these facts might suggest that the limitation period did not start to run until late 2006.
6   See 28 U.S.C. § 2244(d)(1)(D).

7     The court need not resolve whether 28 U.S.C. § 2244(d)(1)(A) or 28 U.S.C. §
8  2244(d)(1)(D) applies to the case at bar.  Federal jurisdiction over a habeas petition arising from
9  a state court judgment is limited to persons "in custody" pursuant to that judgment. 28 U.S.C. §
10 2254(a).  Restitution orders do not meet the "in custody" requirement.  See Williamson v.
11 Gregoire, 151 F.3d 1180, 1183 (9th Cir.1998).  Where, as here, petitioner challenges only the
12 restitution order, the fact that he is in prison does not create jurisdiction to review that order.  See
13 United States v. Thiele, 314 F.3d 399, 402 (9th Cir.2002) (interpreting 28 U.S.C. § 2255).

14    Rule 4 of the Habeas Rules authorizes a judge to summarily dismiss a habeas
15 petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner
16 is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set
17 forth in the preceding paragraph, petitioner's claims are not cognizable in this federal habeas
18 corpus proceeding.  Accordingly, this action should be dismissed.

19    In accordance with the above, IT IS HEREBY RECOMMENDED that this action
20 be summarily dismissed.  See Rule 4, 28 U.S.C. foll. § 2254.

21    These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
23 days after being served with these findings and recommendations, any party may file written

---

25  [6] Relying on state law, petitioner also contends that the statute of limitations does not
26 apply to his challenge to the restitution order.  The cases cited by petitioner are inapplicable to
interpretation of the federal statute of limitations.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

3  failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: May 28, 2008.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
beas0086.mtd